IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | | |
|---|---|---|
| **JAYCE P. WALTERS,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 8:11-CV-625 |
| v. | § | |
| | § | |
| **HOOVER & STRONG, INC.** | § | |
| | § | |
| Defendant. | § | |

## JOINT MOTION TO TRANSFER VENUE

Plaintiff Jayce P. Walters ("Walters") and Defendant Hoover & Strong, Inc. ("Hoover & Strong"), by counsel, pursuant to 28 U.S.C. § 1404(a), jointly move the Court for entry of an Order transferring this case to the United States District Court for the Southern District of Texas, Houston Division (the "Houston Court"), and in support of such Motion, state as follows.

## MEMORANDUM IN SUPPORT OF
## JOINT MOTION TO TRANSFER VENUE

This is a patent infringement case in which the plaintiff, Walters, alleges that he is the sole and exclusive owner of U.S. Patent No. 6,279,436 (the "436 Patent") and that Hoover & Strong is infringing the 436 Patent, directly and indirectly. The 436 Patent is entitled "Method for Cutting a Seat in the Setting of Stones in Jewelry." In his initial Complaint (Compl., Docket No. 1) and in his recently-filed Amended Complaint (Amend. Compl., Docket No. 19), Walters alleges, *inter alia*, that Hoover & Strong is infringing the 436 Patent by setting gemstones using the claimed method and by making and selling jewelry settings used by others to practice the claimed method. Hoover & Strong has moved to dismiss certain of Walters' claims (Mot. to Dismiss, Docket No. 18) and has filed and served its Answer to the Amended Complaint denying that it has infringed or is infringing the 436 Patent and asserting certain affirmative defenses (Answer to Amend. Compl., Docket No. 24).

Within a few weeks of filing this case, Walters filed suit in the Houston Court against Roseco, Inc. ("Roseco") (the "Roseco Litigation"). *Walters v. Roseco, Inc.*, S.D. Tex. Case No. 4:11-cv-01529 (a copy of the Complaint in the Roseco Litigation is attached as Exhibit A). Walters recently filed an Amended Complaint in this case and in the Roseco Litigation (a copy of the Amended Complaint in the Roseco Litigation is attached as Exhibit B). In his Amended Complaints, Walters identifies the settings he alleges are being made and sold by Hoover & Strong and by Roseco that infringe the 436 Patent. With this information, Hoover & Strong and Roseco have determined that all of the accused products identified in Walters' Amended Complaint against Roseco are either actual or proposed Hoover & Strong products.

Upon making this discovery, counsel for Hoover & Strong conferred by telephone with counsel for Walters to discuss ways to handle these two cases in the most cost and judicially efficient manner. As a result of those discussions, the parties concluded that it is in their mutual interest to ask this Court to transfer this case to the Houston Court, where they will jointly move to consolidate this case and the Roseco Litigation in a single action.

Granting this Motion will promote both economic and judicial efficiency. It will avoid the situation in which two courts are simultaneously required to construe the same patent and assess the validity and enforceability of that patent and two juries are asked to decide infringement involving the exact same products. Consolidating this case with the Roseco Litigation will allow the parties to streamline trial preparation and avoid the risk of inconsistent outcomes. *See Brown v. Connecticut General Life Ins. Co.*, 934 F.2d 1193, 1196 (11th Cir. 1991) (granting transfer when it would allow consolidation of action with related action pending in transferee court). Because all of the products at issue in the Roseco Litigation are similar to the products at issue in this case, a single proceeding in a single court will best promote the strong public interests of minimizing cost and maximizing the effective use of judicial resources.

WHEREFORE, the parties respectfully move this Court for entry of an Order transferring this case to the Houston Court and granting them such other relief as the Court deems just.

Respectfully submitted,

Date:  September 29, 2011

/s/ *Anastassio Triantaphyllis*
Anastassio Triantaphyllis, Esq. (*Pro Hac Vice*)
Texas Bar No. 20213600
The Civil Justice Center
112 E. 4th Street
Houston, Texas 77007
Tel:   (713) 861-1748
Fax:   (713) 520-8991
Email: court@tasso.us

Louis Bakkalapulo, Esq.
Florida Bar No. 767263
Bakkalapulo Law Firm
111 N. Belcher Road, Suite 201
Clearwater, Florida 33765-3259
Tel:   (727) 726-6233
Fax:   (727)726-9545
Email: lou@bb-lawgroup.com
*Counsel for Plaintiff Jayce P. Walters*

/s/ *Dana D. McDaniel*
Dana D. McDaniel (*Pro Hac Vice*)
Spotts Fain, PC
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Tel:   (804) 697-2065 (direct)
Fax:   (804) 697-2165
Email: dmcdaniel@spottsfain.com

Kurt E. Lee
Florida Bar No. 983276
Kirk Pinkerton, PA
50 Central Avenue, Suite 700
Sarasota, Florida 34236
Tel:   (941) 364-2447 (direct)
Fax:   (941) 364-2490
Email: klee@kirkpinkerton.com
*Counsel for Hoover & Strong, Inc.*